# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

BRANDON LEE HAYES,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C18-4046-LTS

**MEMORANDUM OPINION AND ORDER**

_____

    This case is before me on movant Brandon Hayes' motion to vacate (Doc. 1) and amended motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 22), along with a pro se supplement (Doc. 91). Also before me is Hayes' motion for summary disposition (Doc. 95), motion to strike (Doc. 121), motion for documents (Doc. 122), various motions for copies (Docs. 126 to 128), pro se motions to (re)appoint counsel (Docs. 132, 133) and pro se motion for status conferences (Docs. 134, 136).

## I.    BACKGROUND

    On November 18, 2014, the grand jury returned an indictment (CR 14-4082-LTS, Doc. 2) charging Hayes with three counts related to the illegal possession of a firearm with an altered or obliterated serial number.[1] Trial was delayed several times for various reasons, including competency concerns, a withdrawn plea, changes of counsel and motions to dismiss. *See* CR 14-4082-LTS, Docs. 80, 92, 105, 117, 121, 132, 187, 202. The case eventually proceeded to trial, which began on June 28, 2016. On June 30, 2016, the jury returned a verdict of guilty on all counts. CR 14-4082-LTS, Doc. 297.

---

[1] Because the history of Hayes' case is complicated, I will recite only what is relevant to the issues currently before me.

Hayes then filed a motion for new trial and a motion to dismiss Count 1 of the indictment. CR 14-4082-LTS, Docs. 301, 315. I denied the motion for a new trial (CR 14-4082-LTS, Doc. 306) but granted Hayes' motion to dismiss and vacated his conviction on Count 1. CR 14-4082-LTS, Doc. 404. I then sentenced Hayes to 125 months' incarceration on Counts 2 and 3 of the indictment, with judgment entering on July 28, 2017. CR14-4082-LTS, Doc. 421.

On August 2, 2017, Hayes filed a pro se motion requesting that his then-attorney, Chad Primmer, file a notice of appeal. CR14-4082-LTS, Doc. 423. On August 16, 2017, Hayes filed another pro se document (CR14-4082-LTS, Doc. 424) regarding Primmer's failure to file a notice of appeal. I construed the two filings together as a request for additional time to file the notice of appeal, which I granted. CR14-4082-LTS, Doc. 425. I also directed Primmer to file a response explaining the failure to file a notice of appeal. *Id*. Primmer filed a motion to withdraw the next day (CR14-4082-LTS, Doc. 426), which was granted. CR14-4082-LTS, Doc. 431.

Attorney Stuart Dornan was then appointed to represent Hayes. On August 28, 2017, Hayes filed, through counsel, another motion requesting additional time to file the notice of appeal, along with a supplement to that motion. CR14-4082-LTS, Docs. 432, 433. On the same day, I entered an order granting the motion. CR14-4082-LTS, Doc. 434. Based on that order, Hayes had until September 11, 2017, to file a direct appeal.[2] *Id*. He did not do so. On May 21, 2018, Hayes filed a motion to file an out of time appeal, which I denied. CR 14-4082-LTS, Doc. 438. On August 13, 2018, Hayes filed a motion to reopen his direct appeal, which was denied. CR 14-4082-LTS, Doc. 442.

On June 4, 2018, the court received Hayes' pro se 28 U.S.C. § 2255 motion. Doc. 1. Hayes alleged nine claims, including ineffective assistance of counsel, prosecutorial misconduct and misconduct by the court. On August 23, 2018, I entered a Rule 4 initial review order, allowing Hayes' motion to proceed, appointing him counsel

---

[2] That was the longest permissible extension under the Federal Rules of Appellate Procedure.

(Shelley Goff), directing counsel to file an amended § 2255 motion and directing Hayes' former attorneys to respond to his claims of ineffective assistance of counsel. Doc. 9. On October 12, 2018, Hayes, through counsel, filed an amended § 2255 motion. Doc. 22. In that motion, Hayes raised two claims of ineffective assistance of counsel, one of which was a claim that counsel was ineffective for failing to file a notice of appeal, and a claim that the Government withheld exculpatory evidence. The amended motion represented that the other issues raised in Hayes' original, pro se motion (Doc. 1) were issues for direct appeal, such that if Hayes is successful in his claim regarding his prior counsels' failure to file a notice of appeal, Hayes would pursue those issues on direct appeal.

On November 20, 2018, Goff filed a motion to withdraw. Doc. No. 30.[3] On December 5, 2018, Chief United States Magistrate Judge Kelly Mahoney denied that motion, stating:

> [b]efore the Court is the second motion to withdraw as counsel, filed by Petitioner Brandon Lee Hayes'[] attorney, Shelly Goff (Doc. 30). I conducted a hearing on the motion on December 3, 2018 (Doc. 33), and took the motion under advisement. I find the best course of action would be for Ms. Goff to brief the issues raised in the amended petition (Doc. 22), and to allow Petitioner Hayes to file supplemental briefing. This will serve the interests of justice, the parties, and the court by allowing the issues raised to be fully briefed by counsel and supplemented by the Petitioner.

Doc. 34.

On December 6, 2018, the Government filed a resistance (Doc. 35) to Hayes' amended § 2255 motion. On December 22, 2018, Hayes, through counsel, filed a merits brief (Doc. 39). On February 19, 2019, Hayes filed a pro se amended supplemental merits brief (Doc. 53). On March 22, 2019, Goff filed a renewed motion to withdraw (Doc. 62), stating that Hayes had removed her from his approved sender list. Goff also

---

[3] An earlier motion to withdraw was denied as moot after Hayes stated he wanted Goff to remain his attorney. Doc. 20.

represented that Hayes wished to proceed pro see. On March 26, 2019, Judge Mahoney granted the motion to withdraw and allowed Hayes to proceed pro se. Doc. 64.

On April 16, 2019, I entered an order regarding Hayes' request for an evidentiary hearing. Considering Hayes' various filings, it appeared that he was proceeding on three issues. First, he argued his conviction should be vacated due to ineffective assistance of counsel regarding (1) the alleged failures of Primmer and Dornan to file an appeal in Hayes' criminal case upon his request and (2) the failure of his trial attorney, R. Scott Rhinehart, to object to alleged prosecutorial misconduct during opening statements. Hayes also asserted an alleged *Brady* violation related to a confidential informant (CI).[4] After considering those claims, I granted Hayes an evidentiary hearing solely on his claim that his prior counsel failed to file a notice of appeal. Doc. 65.

Rule 8 of the Rules Governing § 2255 states that, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." I therefore asked Judge Mahoney to conduct a hearing to determine if Hayes knowingly waived his right under Rule 8 to have counsel appointed for that hearing. Doc. 65. Hayes appealed that order but the Eighth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. Doc. 73. On July 11, 2019, after holding a hearing, Judge Mahoney found that Hayes knowingly waived his right to counsel for the evidentiary hearing, but, at Hayes' request, appointed attorney Nathan Lab to be Hayes' stand-by counsel. Doc. 81.

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963), requires the Government to disclose exculpatory evidence during discovery. Hayes' conviction involved the use of a CI. The case agent testified during Hayes' trial that, when the CI could not reach Hayes, he asked his brother to relay the message that Hayes should call the CI. Hayes then called the CI and made arrangements to meet. Hayes contends that further development of this evidence – if properly disclosed – could have supported his entrapment defense. Hayes further claims in his pro se supplement (Doc. 53) to his amended § 2255 motion that Rhinehart was ineffective for failing to impeach government witnesses on facts related to the *Brady* claim.

On July 15, 2019, Hayes filed a motion to amend requesting that he be allowed to add a claim to his § 2255 motion regarding *Rehaif v. United States*, 139 S. Ct. 2191 (2019). On August 6, 2019, I granted that motion. Doc. 88. On August 26, 2019, Hayes filed a pro se supplement to his § 2255 motion adding a claim based on *Rehaif*. Doc. 92. On September 27, 2019, I conducted an evidentiary hearing regarding the notice of appeal issue. Doc. 102. After the hearing, the parties stated that no further briefing was necessary on the notice of appeal issue. On October 7, 2019, the Government filed a resistance to Hayes' amendment regarding the *Rehaif* issue. Doc. 106. On December 5, 2019, Hayes filed a reply regarding the *Rehaif* issue. Doc. 123. All issues are now fully submitted.

## II. LEGAL STANDARD

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citation omitted). Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id.* (citation omitted). Rather:

5

> Relief under [§ 2255] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted); *see also Sun Bear*, 644 F.3d at 704 ("[T]he permissible scope of a § 2255 collateral attack . . . is severely limited[.]"). A collateral challenge under § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (citation omitted).

### III. ANALYSIS

As noted above, Hayes raises four issues: (1) ineffective assistance by Primmer and Dornan for failing to file a notice of appeal; (2) ineffective assistance by his trial attorney, Rhinehart, for failing to object to prosecutorial misconduct during opening statements; (3) an alleged *Brady* violation related to the confidential informant; and (4) a claim based on *Rehaif*.

#### A. *Ineffective Assistance of Counsel Standards*

To establish a claim for ineffective assistance of counsel, a movant must prove that his attorney's representation "was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient" performance is performance that falls "below an objective standard of reasonableness," *Lafler v. Cooper*, 566 U.S. 158, 163 (2012) (citation omitted), that is conduct that fails to conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. Matters of trial strategy are generally entrusted to the professional discretion of counsel and they are "virtually unchallengeable" in § 2255

6

proceedings. *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010). Counsel is not constitutionally ineffective because of the failure to raise a "relatively sophisticated" and "counter-intuitive argument." *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). However, "[s]trategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Holder v. United States*, 721 F.3d 979, 994 (8th Cir. 2013) (citation omitted).

To establish "prejudice," a movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, 566 U.S. at 163 (citation omitted). "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 104 (citation omitted).

Since a movant must show both deficient performance and prejudicial effect, a court reviewing ineffective assistance claims need only address one prong if either fails. *See Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). Additionally, each individual claim of ineffective assistance "must rise or fall on its own merits," meaning that courts should not take into account the "cumulative effect of trial counsel's errors in determining *Strickland* prejudice." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006); *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief.").

### B. *Failure to File a Notice of Appeal*

Hayes' first argument is that his post-sentencing attorneys failed to file a notice of appeal. As set out in his amended motion:

7

> Pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), "A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" and thereby deprives the defendant of his Sixth Amendment right to effective assistance of counsel. The Supreme Court makes it clear that the duty to file a notice of appeal upon a defendant's request are part of trial counsel's obligations under the Sixth Amendment. The defendant need not prove he had meritorious issues for appeal. *Id* at 477. Hayes requested counsel file the notice of appeal. The record clearly indicates Hayes wanted an appeal. Counsel failed to take steps to preserve his right to appeal.

Doc. 22 at 3.

Failure to file a notice of appeal is unique in that a movant alleging ineffective of assistance on this ground is not required to show prejudice.

> No showing of prejudice is required in this unique circumstance. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (noting that "no inquiry into prejudice or likely success on appeal [is] necessary"). An attorney's failure to file a requested appeal amounts to the denial of counsel's assistance at a critical stage of the judicial proceeding. *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L.Ed.2d 657 (1984). And when a defendant is denied, either actually or constructively, such assistance, "'the adversary process itself [is] presumptively unreliable.'" *Flores–Ortega*, 528 U.S. at 483, 120 S. Ct. 1029 (alteration in original) (quoting *Cronic*, 466 U.S. at 659, 104 S. Ct. 2039). The court thus does not require an affirmative showing on the second prong of *Strickland*. Instead, prejudice is presumed. *Id*.

*Witthar v. United States*, 793 F.3d 920, 922–23 (8th Cir. 2015). Put another way:

> An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. *Watson v. United States*, 493 F.3d 960, 963–64 (8th Cir. 2007) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so. *Id*. at 964.

*United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014).

8

As explained above, during the post-sentencing period Hayes was represented at different times by Primmer and Dornan. Both filed affidavits explaining their representation of Hayes. Primmer stated: "Mr. Hayes received a sentence including 125 months of incarceration. I believed this to be a sentence that he should not appeal." Doc. 38 at 1. Primmer also stated: "Mr. Hayes did not tell me to file a notice of appeal but did file motions to direct me to file a notice of appeal with the court." Doc. 38 at 2. Primmer stated that when Hayes filed those motions, he asked to withdraw from the case and the court appointed Dornan.

Upon his appointment, the Government informed Dornan that if Hayes appealed, the Government would cross appeal and the result of that cross appeal would be that Hayes would be subject to a 15-year mandatory minimum under the Armed Career Criminal Act. Dornan then:

> met with movant to discuss movant's concerns and advised movant of the risks of filing an appeal. Dornan promised he would research the issue. (AF 4). Movant stated he would be inclined to follow Dornan's advice. (AF 5). Dornan requested an extension of time within which to file an appeal. (CrD 432, 433, AF 6). Email communication between movant and Dornan seemed to indicate that movant would be accepting of Dornan's legal advice regarding an appeal. (AF 8, 9). On September 8, 2017, Dornan emailed a letter to movant providing his opinion that an appeal was not in movant's best interest as it would open him up to a cross-appeal and subject him to a 15-year mandatory sentence. (AF 10, 11). After several unsuccessful attempts to contact movant, Dornan contacted the Nebraska Supreme Court Counsel for Discipline seeking their guidance on how to handle this situation. (AF 15). Given all the facts, they advised Dornan it was not in the best interest of movant to file an appeal. (AF 15). No appeal was filed…

Doc. 35 at 9. Based on those affidavits, the Government argued that Hayes' request should be denied as "[n]either attorney Primmer nor Dornan were directed to file an appeal for movant. (AF4; AF generally). In fact, movant informed attorney Primmer to not file the appeal (CrD 435, p. 7)." Doc. 66 at 5.

9

Because Hayes and Primmer had made contradictory but equally plausible statements regarding whether Hayes had directed Primmer to file a notice of appeal, I granted Hayes' request for an evidentiary hearing. Doc. 65 at 3. Dornan and Primmer both testified. Dornan's testimony tracked his affidavit. He was appointed to Hayes' case when the time to file an appeal was about to elapse. He talked to Hayes immediately upon his appointment because Hayes was about to begin transportation to the BOP. Dornan told Hayes he would research Hayes' potential for success if he appealed. Later, Dornan and Hayes had an email exchange in which Dornan stated he was reviewing the record. Three days before the deadline to file a notice of appeal, Dornan attempted to contact Hayes through email to provide his opinion that Hayes should not appeal. Hayes did not respond.

Dornan attempted to contact Hayes repeatedly over the next three days, but, because Hayes had recently arrived at a new facility, those communication attempts were unsuccessful.[5] Accordingly, on the last day to file an appeal, Dornan requested an ethics opinion from the Nebraska Supreme Court's Counsel for Discipline, which advised Dornan that given the facts as he presented them, he should not file a notice of appeal on Hayes' behalf. Dornan therefore did not do so.[6]

Primmer's direct examination also largely tracked his affidavit. However, on cross-examination, Primmer admitted that Hayes had communicated to him a desire to appeal his case.

---

[5] Dornan later received a letter from Hayes explaining that per prison policy he could not communicate with anyone the week of the appeal deadline.

[6] Both the Government and Dornan point to communication Hayes sent after the appeal deadline to show that Hayes had decided to forgo a direct appeal in favor of filing a 28 U.S.C. § 2255 motion. *See, e.g.*, Doc. 112 at 37-38 citing Doc. 24-1 at 25. However, the proper interpretation of that document is not so clear. It is just as likely that in Doc. 24-1 at 25 Hayes is stating that the BOP's policy should be considered good cause for him to file an out-of-time direct appeal. That latter interpretation is further supported by other communication between Dornan and Hayes. *See* Doc. 24-1 at 42.

10

> Hayes: You constantly reiterated your opinion or your legal advice that I would possibly be subject to a larger sentence; correct?
>
> Primmer: When someone is facing additional 55 months in prison, I take that extremely seriously, sir. So yes, I did continually try to talk you out of appealing case.
>
> Hayes: So you knew the defendant wanted to appeal his case. You disregarded it and kept moving forward like you didn't understand what the defendant was directing you to do.
>
> Primmer: I'm not sure there is a question there.
>
> Hayes: Did you know the defendant wanted to appeal his case?
>
> Primmer: I believed you had a misguided desire to appeal your case, yes.
>
> Hayes: So the answer is yes, correct?
>
> Primmer: Yes, I believe you were mis--- I believe you misunderstood the law.
>
> Hayes: But you --- but you understood the defendant wanted to appeal his case no matter how...
>
> [the Government objected, and I overruled the objection]
>
> Primmer: Yes, you wanted to – *you advised me that you wanted to appeal, yes*.

Doc. 112 at 21-22 (emphasis added).[7]

During oral argument following the conclusion of the testimony, Hayes argued that the record showed he requested his counsel to file a notice of appeal. The Government initially argued that Hayes never directed Dornan to file a notice of appeal. I then stated my belief that the primary issue related to Primmer and asked, "isn't [it] obvious from the record now that he told Primmer to appeal?" Doc. 112 at 48. The Government argued that the record was ambiguous regarding the timeline of when Hayes requested that Primmer file a notice of appeal, and that because Hayes had a history of

---

[7] Dornan also testified that, "I was aware that you [Hayes] had asked Mr. Primmer to appeal your case." Doc. 112 at 39. However, he clarified that, "you [Hayes] never asked *me* to file a direct appeal." Doc. 112 at 43 (emphasis added).

11

"flip-flopping," Hayes did not unambiguously direct Primmer to file a notice of appeal. Doc. 112 at 50. I then noted that the evidence seemed to be that after Hayes directed Primmer to appeal, "Mr. Primmer thought it was a bad idea and maybe tried to talk Mr. Hayes of out of it and ultimately withdrew rather than follow[] the directions." Doc. 112 at 52. The Government argued that once Primmer withdrew, it fell to Dornan to determine if Hayes wanted to appeal and Hayes never directed Dornan to do so.

Based on the evidence of record, which includes the affidavits filed by Hayes' prior counsel, documents filed by Hayes in his original criminal case (specifically CR14-4082-LTS, Docs. 423, 424) and the testimony at the evidentiary hearing, I find that Hayes unambiguously told Primmer that he wanted to file a notice of appeal and that Primmer was aware that Hayes had asked him to do so. I further find that Primmer did not comply with Hayes' direction because Primmer did not agree with it. With time running out to file a notice of appeal, Hayes filed two motions (CR14-4082-LTS, Docs. 423, 424) attempting to compel Primmer to file a notice of appeal. Instead of complying with Hayes' direct request to file a notice of appeal, Primmer withdrew from the case. While I have no reason to doubt that Primmer believed he was acting in Hayes' best interests, his failure to comply with Hayes' request to file a notice of appeal constituted ineffective assistance of counsel. *See Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) (*quoting Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989)).

Dornan's subsequent representation of Hayes did not cure Primmer's failure to file a notice of appeal. It may be true that even if a defendant initially states a desire to appeal, counsel has a reasonable opportunity (and responsibility) to attempt to dissuade the defendant from pursing a frivolous (or potentially harmful) appeal.[8] However, the

---

[8] *See Bauman v. United States*, No. 3:06-CR-14-16, 2010 WL 11594873, at *4 (D.N.D. Aug. 6, 2010), in which the district court denied a § 2255 motion alleging counsel failed to file a notice of appeal after being instructed to do so. The court described the facts as follows:

> Bauman initially expressed a desire to appeal; however, as the conversation proceeded and Bauman's counsel discussed with Bauman the possible drawbacks

decision "to appeal rests with the defendant." *Flores-Ortega*, 528 U.S. at 479. Once a defendant has been informed of the risks, states a request to appeal and does not withdraw the request before the appeal deadline arrives, the attorney must comply. That did not happen in this case. Primmer advised Hayes of his opinion that Hayes should not appeal. Hayes understood Primmer's opinion but still requested that Primmer appeal. There is no evidence that Hayes then wavered and informed Primmer of a desire to forego the appeal. Under these circumstances, Primmer was required to file a notice of appeal. As such, I will grant Hayes' motions (Docs, 1, 22) because the failure to file that notice constituted ineffective assistance of counsel.

### C. *Appropriate Remedy*

In his amended motion, Hayes states the appropriate remedy is to "allow an out of time-appeal." Doc. 22 at 3. However, the Supreme Court has not explicitly set out the appropriate remedy when an attorney fails to file a notice of appeal. In some circuits, the prevailing party is granted the right to directly file an out-of-time appeal:

> I will grant Minaya's Second Amended, Counseled Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence as to his claim that counsel rendered ineffective assistance by failing to file a notice of appeal. Minaya will be granted the right to nunc pro tunc file a direct appeal. All other claims raised in Minaya's § 2555 motion will be denied without prejudice to present them in another § 2255 motion.

*United States v. Minaya*, No. CR 14-327, 2016 WL 3361649, at *3 (E.D. Pa. June 9, 2016); *see also Bowling v. United States*, 31 F. Supp. 3d 863, 869 (N.D. Miss. 2014), *aff'd*, 609 F. App'x 235 (5th Cir. 2015) ("'Granting an out-of-time appeal is a permissible

---

> of appealing, Bauman changed his mind about appealing. By the end of the conversation, counsel believed Bauman no longer wished to pursue an appeal and Bauman did not express a clear desire to appeal.

In this kind of situation, application of the standard set out above may not be automatic. However, the facts in this case are completely dissimilar.

remedy if counsel has failed in his duty to perfect a requested appeal.' *United States v. Cooley*, 549 Fed. Appx. 307, 307 (5th Cir. 2013) (per curiam) (citing *West*, 240 F.3d 456, 459 (5th Cir.2001))." Other circuits have concluded that the appropriate remedy is to vacate and then renter the judgment. *See United States v. Snitz*, 342 F.3d 1154, 1159 (10th Cir. 2003) ("Defendant is entitled to a direct appeal of his conviction. To effectuate this right, we direct the district court to vacate and reenter its judgment of conviction and sentence to allow defendant to file a timely appeal"); *see also United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005).

> The Eighth Circuit has stated the proper remedy is to vacate the movant's sentence.
>
> In situations where a defendant has failed to obtain a fair appellate review of his conviction by reason of the denial to him of constitutionally guaranteed right, means have been found to rectify the wrong by providing an appellate review of the conviction. *United States v. Smith*, 6 Cir., 387 F.2d 268, 271; *Miller v. United States*, 5 Cir., 356 F.2d 63, 65; *Dillane v. United States*, 121 U.S.App.D.C. 354, 350 F.2d 732, 733; *Hannigan v. United States*, 10 Cir., 341 F.2d 587, 588. As pointed out in the cases last cited, the objective of granting a defendant an appellate review of which he has been unconstitutionally deprived is generally accomplished by means of vacating the sentence and remanding the case to the trial court for resentencing, the time for appeal then commencing to run from the date of the resentence. We follow such procedure here. This case is remanded to the trial court with directions to vacate the sentence imposed upon Williams in No. 64 CR 13(1) on May 1, 1964, and to resentence the defendant.

*Williams v. United States*, 402 F.2d 548, 552 (8th Cir. 1968) (footnotes omitted); *see also United States v. Beers*, 76 F.3d 204, 205 (8th Cir. 1996) ("We conclude that, in vacating only the sentence, the district court complied with the procedures we have prescribed when a defendant has been unconstitutionally deprived of appellate review because of ineffective assistance of counsel.") As such, I will vacate Hayes' sentence.

The next question is the scope of the resentencing. In *United States v. Prado*, 204 F.3d 843, 845 (8th Cir. 2000), the court indicated that the scope is limited:

> Prado also argues that he was entitled to de novo resentencing—including preparation of a PSR and the opportunity to be heard on sentencing issues—

14

after his initial sentence was vacated. This argument also fails. When a defendant has been unconstitutionally deprived of appellate review due to ineffective assistance of counsel, the prescribed procedure is for the district court to vacate the sentence and then reimpose it, allowing the defendant ten days to appeal from the imposition of the new sentence. *See United States v. Beers*, 76 F.3d 204, 205 (8th Cir. 1996) (per curiam). The district court also did not abuse its discretion in denying Prado's motion to withdraw his guilty plea—which he filed before resentencing—given that the initial sentence had been vacated only for purposes of reinstating Prado's right to a direct criminal appeal. In any event, none of the reasons Prado offered in support of his motion to withdraw constituted a "fair and just reason" to do so. *See* Fed. R. Crim. P. 32(e); *United States v. Yell*, 18 F.3d 581, 582 (8th Cir.1994) (standard of review).

However, in a pair of recent cases, defendants have argued that the resentencing should be de novo. In *United States v. Darden*, the Eighth Circuit stated that:

> the district court did not procedurally err when it resentenced Darden to 200 months in 2017. We have repeatedly said that "[w]hen resentencing follows a successful § 2255 motion based on counsel's failure to appeal, 'the prescribed procedure is for the district court to vacate the sentence and then reimpose it." *United States v. King*, 691 F.3d 939, 940–41 (8th Cir. 2012) (citation omitted) (affirming a district court's decision to reimpose an upward-departure sentence after the defendant's attorney failed to appeal); *see also United States v. Prado*, 204 F.3d 843, 845, 847 (8th Cir. 2000) (affirming a district court's decision to reimpose a defendant's two consecutive, 60-month sentences following the sentencing court's and the defendant's attorney's failure to advise the defendant of his appeal right); *United States v. Beers*, 76 F.3d 204, 205 (8th Cir. 1996) (per curiam) (affirming a district court's decision to vacate a defendant's sentence and reimpose the sentence so that he could have a chance to engage in direct appeal following his counsel's failure to do so). The district court followed this clearly established procedure.
>
> Moreover, even if we were to now agree with Darden that the sentencing package doctrine or any other consideration should compel district courts to follow a different procedure, any error the district court committed here would not be "plain" in light of the long line of cases just cited. *See United States v. Borders*, 829 F.3d 558, 564 (8th Cir. 2016) ("Plain error means an error that is clear under current law."); *United States v. Briggs*, 820 F.3d 917, 921 (8th Cir. 2016) (explaining that for an

15

error to be plain, it must be " 'obvious' or 'clear under current law' " (quoting *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993) ) ). Consequently, we hold that the district court did not commit plain error when it reimposed Darden's original sentence at the 2017 hearing.

915 F.3d 579, 583–84 (8th Cir. 2019); *see also United States v. Floyd*, 931 F.3d 709, 711 (8th Cir. 2019) (defendant raised the issue of whether the resentencing should be de novo but the Eighth Circuit did not reach the issue because defendant's plea agreement contained an appeal waiver).[9] Because there may be some ambiguity as to the appropriate scope of resentencing, I will give the parties an opportunity to brief the issue.

## D. *Hayes' Remaining § 2255 Claims*

Because I am vacating Hayes' sentence, I will deny his remaining § 2255 claims without prejudice. *See Mack v. Smith*, 659 F.2d 23, 26 (5th Cir. 1981) (movant's other § 2255 claims should be resolved through the direct appeal process if he or she is granted an out-of-time appeal); *see also McIver v. United States*, 307 F.3d 1327, 1332 (11th Cir.

---

[9] Many older cases do clearly set out the scope of the resentencing. *See e.g., United States v. Hollis*, 718 F.2d 277, 280 (8th Cir. 1983). In that case, Hollis' counsel failed to file a timely appeal. He filed a 28 U.S.C. § 2255 motion, arguing ineffective assistance of counsel, which was denied by the district court but granted on appeal by the Eighth Circuit Court of Appeals. At the resentencing, the district court denied numerous motions and reimposed the same sentence. In reviewing the resentencing, the Eighth Circuit made no finding about whether the resentencing procedure was appropriate. Other cases seemingly implied that the court should, or at least could, consider intervening law when conducting the resentencing:

> When resentencing follows a successful § 2255 motion based on counsel's failure to appeal, "the prescribed procedure is for the district court to vacate the sentence and then reimpose it." *United States v. Prado*, 204 F.3d 843, 845 (8th Cir.), *cert. denied*, 531 U.S. 1042, 121 S. Ct. 638, 148 L.Ed.2d 544 (2000). That is precisely what the district court did in this case, taking care to again consider the § 3553(a) factors because the guidelines are now advisory and *Pepper* confirms that the defendant's post-sentencing conduct may be relevant in determining a substantively reasonable sentence.

*United States v. King*, 691 F.3d 939, 940–41 (8th Cir. 2012).

16

2002) (the "best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal"). Hayes will be free to raise those issues again at the appropriate times as his case progresses.

## IV. HAYES' REMAINING MOTIONS

At the evidentiary hearing, I advised Hayes that he should consider requesting the (re)appointment of counsel if his § 2255 motion was granted. Hayes has now filed two motions requesting that his stand-by counsel, Nathan Lab, be appointed as his counsel. Docs. 132, 134. Those motions will be granted as to both this case (to the extent any further representation is necessary) and in Hayes' criminal case.

Because Hayes will now be represented by counsel, his pro motion for summary disposition (Doc. 95), motion to strike (Doc. 121), pro se motion for documents (Doc. 122), motions for copies (Docs. 127, 128) and motions for status conferences (Docs. 126, 134 and 136) will be denied without prejudice.

## V. CONCLUSION

For the reasons set forth herein:

1. Hayes' 28 U.S.C. § 2255 motion (Doc. 1) and amended motion (Doc. 22) are **granted** as to Hayes' claim that attorney Chad Primmer was ineffective for failing to file a notice of appeal. Accordingly, Hayes' sentence in CR14-4082-LTS is **vacated**.

2. The remaining issues in Hayes' 28 U.S.C. § 2255 motion (Doc. 1), amended motion (Doc. 22) and supplement (Doc. 91) are **denied** without prejudice.

3. Hayes' motions to appoint counsel (Docs. 132, 133) are **granted**. The Clerk's office is **directed** to appoint Nathan Lab to represent Hayes in both this case and in CR14-4082-LTS.

4. Hayes' remaining motions (Docs. 95, 121, 122, 126, 127, 128, 134 and 136) are **denied** without prejudice to refiling by counsel.

5. The parties will be given thirty days from the date of this order to brief the issue of the appropriate scope of the resentencing. The parties are directed to file those briefs in CR14-4082-LTS. Once the parties have submitted their briefs, I will schedule resentencing.

6. The United States Marshals Service shall coordinate with the Federal Bureau of Prisons to make arrangements to transport Hayes back to this district for resentencing.

**IT IS SO ORDERED.**

**DATED** this 21st day of April, 2021.

_____
Leonard T. Strand, Chief Judge